UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DARRELL OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:05-CV-213 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Darrell Owens ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner filed a memorandum in support of his Petition (Court File No. 2, "Petitioner's memorandum"). Pursuant to the Court's Order (Court File No. 3), the Government filed a response to Petitioner's motion (Court File No. 5, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the reasons stated herein.

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-228, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken directly from the agreed upon factual basis filed with the Court on July 20, 2004:

> a. On April 8, 2003, police were dispatched to Tunnel Boulevard, in Chattanooga, in the Eastern District of Tennessee, on a 911 disorder call. The caller stated that the attacker had a gun. When police arrived, they saw the defendant standing over a naked female victim who was in a car. The police took the defendant into custody and found a loaded .25 caliber semi-automatic pistol in his back pants pocket.
> b. The victim, a prostitute, stated that the defendant had asked her for a date. She told him to take her to her sister's house to talk about it. The defendant then accused her of stealing his money. The defendant made her take all of her clothes off, put the pistol to her stomach, and threatened to kill her unless she gave him his money back.
> c. The firearm and ammunition were manufactured outside the state of Tennessee and traveled in and affected interstate commerce.
> d. Prior to April 8, 2003, the defendant was convicted in court of a crime punishable by a term of imprisonment exceeding one year.

(Crim. Court File No. 16). On July 22, 2004, Petitioner pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e).

The Presentence Investigation Report ("PSR") was prepared and provided to the parties on September 15, 2004. In the calculation of the base offense level, the probation officer identified five predicate convictions which were either a serious drug offense or a crime of violence and classified Petitioner as an Armed Career Criminal. (PSR at ¶ 25). Petitioner's guideline range was determined to be 188 to 235 months. (*Id.* at ¶ 75). As an Armed Career Criminal, Petitioner was subject to a statutory minimum mandatory sentence of 180 months. (*Id.* at ¶ 74). On October 22, 2004, the Court sentenced Petitioner to a term of imprisonment of 188 months (Crim. Court File Nos. 17, 19, 20). No direct appeal was filed. Judgment was entered on November 23, 2004 (Crim. Court File No. 20) and became final on December 7, 2004.

On July 21, 2005, Petitioner timely filed his petition (Court File No. 1). Petitioner claims

he received constitutionally ineffective assistance of counsel because counsel: (1) failed to challenged three of his prior felony convictions, which he asserts are potentially not predicate convictions under the Armed Career Criminal Act ("ACCA"), and (2) did not consult with him about filing a direct appeal to challenge his sentence based upon the United States Supreme Court's intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005) (Court File Nos. 1, 2). For the reasons stated below, these claims provide no basis to grant his Petition.

## II.   STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an

egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Petitioner's two claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S.

at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

## III. DISCUSSION

Petitioner asserts two grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends he was denied effective assistance of counsel when his attorney: (1) failed to object to three of his predicate convictions and (2) failed to consult with Petitioner about filing a direct appeal to challenge his sentence based upon the United States Supreme Court's intervening decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

### A. Failure to object to the predicate convictions

Petitioner asserts counsel was constitutionally ineffective because he failed to object to his juvenile adjudication for armed robbery (Court File No. 2 at 7-10; PSR at ¶ 32), and his prior convictions for burglary of a business and for third degree burglary (Court File No. 2 at 10-11; PSR at ¶¶ 33, 37) both before this court and then on direct appeal. As the Government pointed out, Petitioner acknowledged counsel advised Petitioner "she had thoroughly researched the priors and she assurred [sic] me that all the priors qualified under Armed Career Criminal status." (Court File No. 1, Affidavit at 1).

The Court finds counsel's advice regarding Petitioner's status as an Armed Career Criminal was neither deficient nor unreasonable. As the Government correctly points out in its response, Petitioner, in fact, had six predicate convictions. The probation officer identifies five predicate offenses in the offense level calculations (PSR at ¶ 25) but omitted from that listing Petitioner's prior conviction in this Court for carrying a firearm in connection with a drug trafficking offense (PSR at ¶ 39), which qualifies as a crime of violence under 18 U.S.C. § 924(e). As the Government's response points out, Petitioner has three prior convictions which he does not challenge in his petition as being predicate convictions: (1) his prior conviction for escape, which is a predicate conviction

for purposes of the ACCA (See *United States v. Harris*, 165 F.3d 1062, 1067-68 (6th Cir. 1999) (escape from workhouse under Tennessee law is "crime of violence" for purposes of career offender classification)); (2) his prior conviction in this Court for possession of crack cocaine with intent to distribute (PSR at ¶39); and (3) his prior conviction in this Court for violating § 924(c) (PSR at ¶ 39). As the ACCA only requires three predicate offenses to qualify a Defendant as an armed career criminal, Petition has failed to demonstrate any material omission by counsel or any prejudice as a result of counsel's representation at sentencing.

Since Petitioner still has three qualifying predicate offenses to classify him as an Armed Career Criminal, the sentence imposed by the Court is proper regardless of whether Defendant's convictions in paragraphs 32, 33, and 37 of the PSR qualify as predicate offenses under the ACCA. However, the Court will address each of Defendant's arguments that counsel was deficient in failing to object to the prior offenses as predicate convictions under the ACCA.

### 1. *Failure to object to the juvenile adjudication*

First, Petitioner argues his counsel was constitutionally deficient in failing to object to the use of his juvenile adjudication in paragraph 32 of the PSR as a predicate conviction under the ACCA. In support of his argument, Petitioner relies on the majority panel decision in *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), for the proposition that a juvenile conviction could only be relied upon to enhance a defendant's sentence under the ACCA if it was based upon a jury trial or facts proved beyond a reasonable doubt.

However, since *Tighe,* the majority of circuits who have dealt with this issue followed the *Tighe* dissent which held that a juvenile adjudication that accords with the constitutional process due at the juvenile stage of proceedings may be used to increase a defendant's sentence for a later crime.

7

*United States v. Burge*, 407 F.3d 1183, 1187-88 (11th Cir. 2005)(holding defendant's prior juvenile adjudication could be considered for purposes of increasing his sentence under the ACCA; although defendant was not afforded right to jury trial in the prior juvenile proceeding, he received the totality of constitutional protections due); *accord United States v. Jones*, 332 F.3d 688 (3d Cir.2003), *cert. denied*, 540 U.S. 1150 (2004); *United States v. Smalley*, 294 F.3d 1030 (8th Cir.2002), *cert. denied*, 537 U.S. 1114 (2003).

According to 18 U.S.C. § 924(e)(2)(B), "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that has as an element the use, attempted use or threatened use of physical force against the person of another." The description of Petitioner's offense in ¶ 32 of the PSR (a conviction for armed robbery) states: "[t]he court file indicates that, on October 9, 1982, the defendant, using knife, forcibly took fifty cents from Derek Jackson." The description of the offense indicates Petitioner's use of a knife as a threatened use of physical force against the person of another. As such, Petitioner's offense was properly counted as a predicate offense under the ACCA.

Further, since the majority of courts who have examined this issue agree with the dissent in *Tighe*, Petitioner's counsel was not deficient in failing to rely upon the majority's decision in *Tighe*, nor was Petitioner prejudiced by counsel's failure to object to its inclusion as a predicate offense. Accordingly, Petitioner's claim for relief on this ground is without merit and will be **DENIED**.

    2.    *Failure to object to the burglary convictions*

Next, Petitioner argues counsel was constitutionally deficient by failing to object to counting

his prior convictions for burglary of a business and for third degree burglary as predicate convictions under the ACCA (Court File No. 2 at 10-11; PSR at ¶¶ 33, 37). First, the Court points out Petitioner's arguments are of no consequence given Petitioner's other predicate offenses which qualify him as an Armed Career Criminal under the ACCA. However, the Court notes "burglary" is listed as a "violent offense" in 18 U.S.C. § 924(e)(2)(B)(ii) and both burglary convictions fall within the meaning of "generic burglary." As a result, Petitioner's claim for relief on this ground is without merit. Petitioner's counsel was neither deficient in failing to object nor was Petitioner prejudiced by the omission. Accordingly, the Court will **DENY** Petitioner's claims of ineffective assistance of counsel for failing to object to the presentence report regarding the above predicate offenses.

### B. Failure to consult with Petitioner regarding a direct appeal

Second, Petitioner "contends that counsel was constitutionally ineffective for failing to consult with Petitioner regarding an appeal based on *[United States] v. Booker* and *[United States] v. Fanfan*." (Court File No. 2 at 3). Petitioner states counsel "preserved all *Booker/Fanfan* issues at sentencing" but never consulted with petitioner prior to sentencing "as to how the two cases might impact" Petitioner's sentence. (*Id.* at 4). Petitioner "maintains had counsel explained *Booker* and the ramifications of the case in connection with Petitioner's sentence, Petitioner would have instructed counsel to file an appeal of the instant sentence." (*Id.*) Petitioner believes there is a "reasonable probability petitioner's sentence would have been vacated" and Petitioner "would have been sentenced under the now advisory guidelines." (*Id.*)

To show Counsel performed deficiently in failing to file a notice of appeal, petitioner must demonstrate either "(1) that the attorney disregarded [petitioner's] instructions to file a notice of

9

appeal, or (2) that the attorney failed to consult with [petitioner] about an appeal when he knew or should have known that [petitioner] might want to appeal." *Higbee v. United States*, 2001 WL 1176392, at *1 (6th Cir. Sept. 26, 2001) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). Here, Petitioner does not allege he instructed his attorney to file a notice of appeal or that his attorney disregarded his instructions to file a notice of appeal. He only alleges if counsel had consulted with him regarding *Booker*'s ramifications in his case, he would have instructed counsel to file an appeal.

First, the Court notes Petitioner gave no indication to counsel he wanted to appeal. Based on the Court's discussion above, counsel neither knew or should have known Petitioner would want to appeal any issue because there is no merit to any of the objections Petitioner raised in his Petition. To the extent Petitioner asserts he has a meritorious claim based upon *United States v. Booker*, 125 S. Ct. 738 (2005), and that it was error for the Court to sentence him based upon a guideline range the Court erroneously believed to be mandatory, *Booker* provides no basis for relief. The United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") has held that Booker is a new rule of criminal procedure that does not apply retroactively to provide relief by way of § 2255 for petitioners whose sentences were final before the date of its decision, January 12, 2005. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Petitioner's sentence was final on December 7, 2004. As a result, Petitioner's claims are without merit. Therefore, Petitioner's counsel was not deficient in failing to file a direct appeal, nor was Petitioner prejudiced by the omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

**IV.     CONCLUSION**

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

---

[2]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**